IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANNON NOAH MARTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF NAMPA, a municipal corporation organized under the laws of the State of Idaho; DENY BURNS, both in his official capacity as an employee of the Nampa Police Department and Individually; and JOHN DOES I-X,<br><br>    Defendants. | Case No.  1:15-cv-00053-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant City of Nampa's Motion for Summary Judgment (Dkt. 17). The Court heard oral argument on May 27, 2016 and took the motion under advisement.  For the reasons explained below, the Court will grant Defendant's motion for summary judgment.

## FACTUAL BACKGROUND

Martin suffers from ankylosing spondylitis, a disease which has caused the vertebrae in Martin's back to fuse together. Consequently, Martin walks with a "slow shamble" and has a hunched stature. *Compl.* at ¶ 8, Dkt. 1. On August 3, 2013, Martin shopped at a retail store in Nampa, Idaho. *Id.* at ¶ 11. Officer Deny Burns was on routine patrol when dispatch received an anonymous call that Martin was shopping at that store. *Pl.'s Resp.* at 1-2, Dkt. 23.  Martin had three outstanding misdemeanor warrants.  After the call, Burns and other officers were dispatched to the store in order to serve the warrants on Martin. *Id.*

Burns approached Martin from behind as Martin entered the checkout area. Burns initiated contact with Martin by grabbing Martin's wrist. *Id.* at 3, Dkt. 23.  Martin responded by turning away from Burns. *Id.*  Burns claims that Martin appeared to reach into his pocket, although Martin claims that he did not attempt to flee or display a weapon. *Answer*, ¶ 10, Dkt. 6; *Compl.*, ¶ 14, Dkt. 1.  Burns then grabbed Martin and knocked him to the ground. The facts are disputed as to whether Burns purposefully threw Martin to the ground or inadvertently lost his balance, causing both men to fall to ground. *Compl.*, ¶ 16 (Dkt. 3); *Answer*, ¶ 10 (Dkt. 6).  Martin fell to the ground with Burns landing on top of him. Officers then placed Martin's arms behind his back. *Pl.'s Resp.* at 4, Dkt. 23. Martin's spinal condition made it difficult for the officers to move his arms. *Id.*

MEMORANDUM DECISION AND ORDER-2

Martin sustained a wound on his nose and pain in his right shoulder. *Compl.*, ¶ 18, Dkt. 1. Subsequent X-rays confirmed that Martin suffered a fractured scapula. *Id.* at ¶ 21. Martin then filed his 42 U.S.C. § 1983 claims against the City of Nampa and Officer Deny Burns. After he filed the suit, the Police Department conducted an internal investigation into this use of force on Martin. *Pl.'s Resp.* at 7. This investigation revealed large discrepancies between the Police Department's written policies regarding use of force incidents and actual Police Department practice. *Id.*

## STANDARD OF REVIEW

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool [ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202

MEMORANDUM DECISION AND ORDER-3

(1986). There must be a genuine dispute as to any material fact — a fact "that may affect the outcome of the case." *Id*. at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings.   *Id*. at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Devereaux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex*, 477 U.S. at 324.

MEMORANDUM DECISION AND ORDER-4

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

### 1.  Failure to Train/Supervise Claims in Conducting Arrests

In his Complaint, Martin's failure to train/supervise claims focus on Defendants' failure to train officers on the use of force in conducting arrests. Although this was the Defendants' focus in their brief, Martin's response focused more on a theory that supervisors were not trained to properly investigate or reprimand officers in use of force incidents.

If a party fails to properly address another party's assertion of fact as required by Rule 56, the court may consider the fact undisputed for the purposes of summary judgment. See Fed. R. Civ. Pro. 56(e)(2); See also Dist. Idaho Loc. Civ. R. 7.1(c)(2). Further, "the district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen*, 237 F.3d at 1031.

Martin has not presented evidence contrary to Defendants' assertion that they did not fail to train officers on use of force, or that officers somehow owed Martin a separate, special duty of care due to his physical disabilities. Therefore, the Court considers the facts surrounding these claims undisputed. As explained above, the moving party only bears the initial burden of demonstrating the absence of a genuine dispute as to material fact, and need not introduce any affirmative evidence but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000). Defendants have met that burden here, and Martin has done nothing in response. Thus, the Court will grant summary judgment on Martin's initial failure to train/supervise claims.

### 2.  Policy of Taking No Action to Train, Supervise, Investigate or Reprimand

Martin also alleges, however, that the Police Department had a policy of failing to train or oversee supervising officers on how to conduct investigations. *Pl.'s Resp.* at 10, 18, Dkt. 23. Municipalities are considered "persons" under § 1983 and may be liable for constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). In order to establish § 1983 liability for municipalities, the plaintiff must prove (1) that he was deprived of a constitutional right; (2) that the municipality had a policy or custom; (3) that this policy or custom amounts to deliberate indifference to the plaintiff's right; and (4) that the policy or custom is the moving force behind the constitutional violation. See *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1110-11

MEMORANDUM DECISION AND ORDER-6

(9th Cir. 2001). Importantly, municipalities will not be vicariously liable for the acts of employees, but will be held liable only for the municipality's *own* illegal acts. *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

### A. *Martin was deprived of a constitutional right.*

The first requisite of *Monell* liability is that the plaintiff was deprived of a constitutional right. In its motion for summary judgment, Nampa does not raise the issue of whether Martin's constitutional rights were violated.  *Def.'s Br.* at 4, (Dkt. 17-2) ("What happened on that date and whether the force used on August 3, 2013 was excessive is a determination for the trier of fact at a later time.").  Therefore, for purposes of summary judgment, the Court will assume Martin was deprived of a constitutional right.

### B. *Martin has not shown a policy or custom of failing to reasonably investigate or reprimand officers.*

The second requisite of *Monell* liability is that Nampa had an official policy or custom. A plaintiff may present either an official policy or a custom so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell*, 436 U.S. at 691.  Where the plaintiff claims there is an unwritten custom, the plaintiff must show practices of "sufficient duration, frequency, and consistency so as to become the traditional method of policy." *Trevino v. Gates*, 99 F. 3d. 911, 918 (9th Cir. 1996); See also *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). "Liability for improper custom may not be predicated on isolated or sporadic events." *Id.* at 918;

MEMORANDUM DECISION AND ORDER-7

*Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two separate incidents not sufficient to establish a harassment custom); *Davis v. Ellensburg*, 869 F.2d 1230, 1234 (9th Cir. 1989) (unconstitutional actions of three low level police officers did not establish municipal liability).

Martin asserts there is a custom of failing to train supervising officers in regard to investigating use of force incidents. *Pl.'s Resp.*, at 17-8. There is an official policy regarding such investigations, but Martin claims that this policy was rarely followed. Martin does not assert that there is an unconstitutional official policy; thus, he is required to show that there is a "persistent and widespread" custom.  He points to an internal investigation that revealed the Police Department's investigation and report of use of force incidents was "lacking if not missing." *Pl.'s Exhibit D pt. 1*, at 7, Dkt. 23-6. He broadly alleges that these errors were common practice.

Martin's broad allegations are not enough to show a City custom or policy.  He has only presented evidence relating to his own case. As common as flawed investigations may be, the Court cannot find a "persistent and widespread custom" without evidence of similar constitutional violations. Therefore, Martin has not established disputed issues of fact as to whether the city had a custom which satisfies the second *Monell* requirement.   Give this finding, it is unnecessary to address the remaining elements of Martin's *Monell* claim.

MEMORANDUM DECISION AND ORDER-8

### 3.   Martin May Not Assert a New Theory of Liability Where That Theory Was Not Addressed in the Pleadings or Discovery.

Martin also brings a new ratification claim in his response brief.  Martin claims that an authorized municipal policymaker ratified Burns' unconstitutional action, thus establishing municipal liability.

Martin did not raise this theory of liability in his Complaint or at any time before the summary judgment stage. The Ninth Circuit has held that a party cannot rely on an entirely new theory of liability at summary judgment when that theory does not appear in the complaint or pleadings. See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir. 2000). That Ninth Circuit indicated that "[a]llowing [the plaintiffs] to proceed with their [alternate theory of liability] after the close of discovery would prejudice [the defendant]. A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Id.* A plaintiff is required to assert new legal theories of liability in his complaint or at least make his intentions known during discovery. *Id.* at 1294. That did not happen here. Accordingly, the Court will grant summary judgment in favor of Defendants.

### ORDER

**IT IS ORDERED:**

1.  Defendants City of Nampa's motion for summary judgment (Dkt. 17) is **GRANTED**.

2.  The Court will issue a separate judgment in accordance with Fed. R. Civ. P. 58.

MEMORANDUM DECISION AND ORDER-9

3. Defendants' Motion for Leave to File Excess Pages Concerning Defendants' Statement of undisputed Material Facts (Dkt. 19) is **GRANTED**.

4. Defendants' Motion to File Exhibit Under Seal (Dkt. 18) is **GRANTED** and only exhibit 7 shall be sealed.

5. Plaintiff's Motion to File Response Under Seal (Dkt. 24) is **DENIED without prejudice**. The Court will not seal the entirety of the response brief, affidavit in support of the response brief, and all exhibits because they reference documents subject to the protective order. Plaintiff may re-submit the documents redacting the areas subject to the protective order, and the Court will consider replacing the unredacted documents with the redacted ones. The Court will leave the unredacted documents sealed on the docket until 14 days after the date of this Order. If no redacted versions are filed with the Court, the Court will unseal the redacted versions of the documents.

DATED: July 25, 2016

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER-10