UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANNON NOAH MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NAMPA, *et. al.*,<br><br>Defendants. | Case No. 1:15-cv-00053-BLW<br><br>**ORDER** |

**INTRODUCTION**

The Court has before it Plaintiff's Motion for Reconsideration, Dkt. 33, Defendants' Motion for Trial, Dk.t 36, and Plaintiff's Counsel's Motion to Withdraw, Dkt. 37.

**1.      Motion for Reconsideration**

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress.  The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979).  While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been

decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied.

And Rule 59 is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Instead, reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised

before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2*003) (citation omitted).

It appears that Plaintiff is suggesting that reconsideration is appropriate to correct manifest errors or manifest injustice. The Court set forth its reasons for granting summary judgment against the Plaintiff in detail in its earlier order, and nothing in the pending motions changes the Court's reasoning or meets the standard set forth above. Accordingly, the motion to reconsider will be denied.

However, the Court recognizes that although the motion for summary judgment was only brought by defendant City of Nampa, and the Court only addressed the motion as to defendant City of Nampa, the Court mistakenly dismissed the case in its entirety without noting that the case must proceed as to the remaining defendant, Deny Burns. Accordingly, the Court will withdraw its earlier judgment.

2. **Motion to Withdraw**

Good cause appearing, the Court will grant Plaintiff's counsel's motion to withdraw as explained below in the Order section of this decision.

3. **Motion for Trial**

Defendant Burns asks the Court to set a trial date. Absent the motion to withdraw, the Court would do so. However, as explained below, the Court cannot set a trial until Plaintiff's representation is resolved.

**ORDER**

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration, Dkt. 33, is **GRANTED in part** and **DENIED in part** as explained above.

    a. The Court's judgment, Dkt. 30, is **WITHDRAWN**.

2. Defendants' Motion for Trial, Dk.t 36, is **DENIED without prejudice**.

3. Plaintiff's Counsel's Motion to Withdraw, Dkt. 37 is **GRANTED**, and pursuant to District of Idaho Local Civil Rule 83.6, counsel is permitted to withdraw according to the following terms:

    a. Withdrawing counsel shall continue to represent Plaintiff, pursuant to Dist. Idaho Loc. Civ. R. 83.6(c)(2) until proof of service of this Order on the client has been filed with the Court, or alternatively, until such time as Plaintiff notifies the Court in writing that it has received the Court's Order. The withdrawing attorney shall forthwith and with due diligence serve all other parties and either personally serve copies of the Order upon Plaintiff or mail the Order by first class mail, return receipt requested.

b.  Plaintiff shall have twenty-one (21) days from the filing of the proof of service by the withdrawing attorney to file written notice with the Court stating how and by whom it will be represented.

c.  Upon filing of proof of service on Plaintiff, no further proceedings can be had in this action that will affect Plaintiff's rights for a period of twenty-one (21) days. If Plaintiff fails to appear in this action, either in person or through a newly appointed attorney within that twenty-one (21) day period, such failure shall be grounds for dismissal of Plaintiff's claims with prejudice without further notice.

DATED: January 19, 2017

B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 5**